Filed 2/4/16  P. v. Villescas CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALBERTO VILLESCAS,<br><br>    Defendant and Appellant. | B264425<br><br>(Los Angeles County<br>Super. Ct. No. VA044837) |

THE COURT:[*]

Appellant Alberto Villescas appeals from the order denying his petition pursuant to Penal Code section 1170.126[1] for recall of his sentence under the Three Strikes law

---

[*]    BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

[1]    All further section references are to the Penal Code, unless otherwise specified. Section 1170.126 was enacted as part of Proposition 36 (the Act), which became effective  on November 7, 2012.  (*People v. Johnson* (2015) 61 Cal.4th 674, 685.)  The Act "provides a procedure by which some prisoners already serving third strike sentences may seek resentencing in accordance with the new sentencing rules.  (§ 1170.126.)  'An inmate is eligible for resentencing if [¶] . . . [t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] for a conviction of a felony or felonies that are not defined as serious and/or violent . . . .'  (§ 1170.126, subd. (e)(1).)  Like a defendant who is being sentenced under the new provisions, an inmate is disqualified from resentencing if any of the exceptions set forth in section 667,

(§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), resentencing, and "an order for his immediate release."

We appointed counsel to represent him on this appeal. After examination of the record, counsel filed an "Opening Brief" in which no issues were raised.

On October 7, 2015, we advised appellant that he had 30 days within which to submit personally any contentions or issues which he wished us to consider. In his response, appellant renews his contention and argument in paragraph 9 on page 3 of his petition that the use of the same specific prior conviction both to impose his sentence under the Three Strikes law and to render him ineligible for resentencing is a violation of his constitutional right against double jeopardy (U.S. Const., 5th Amend.; Cal. Const., art. I, § 15). He adds use of a specified disqualifying prior conviction (§ 1170.126, subd. (e)) also violates his guarantee of equal protection (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7), because defendants who suffered other kinds of prior convictions under the Three Strikes law are not so disqualified.

In an unpublished opinion,[2] this court affirmed the judgment entered following a jury trial that resulted in appellant's conviction of two counts of possession of a firearm by a felon (§ 12021, subd. (a)(1)) and findings by the trial court that he had suffered two prior convictions that qualified as strikes under the Three Strikes law and he had served a prior prison term (§ 667.5, subd. (b)). Appellant was sentenced to prison for a total term of 26 years, consisting of 25 years to life based on his two strikes, plus a one-year prior prison term enhancement.

---

subdivision (e)(2)(C) and section 1170.12, subdivision (c)(2)(C) are present. (§ 1170.126, subd. (e).)" (*Id*. at p. 682.) A prior conviction for attempted murder (§§ 664/187, subd. (a)) is one of the enumerated disqualifying exceptions. (§§ 667, subd. (e)(2)(C)(iv)(IV), 1170.12, subd. (c)(2)(C)(iv)(IV), 1170.126, subd. (e)(3).)

[2]    We take judicial notice of this opinion (B129758). (Evid. Code, §§ 452, subd.(d)(1), 459.)

The trial court denied appellant's petition, because one of his prior convictions was for attempted murder (§§ 664/187, subd. (a)), a disqualifying factor (§§ 667, subd.(e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(3)).

Appellant has raised no arguable issues. We have examined the entire record and are satisfied appellant's attorney has complied fully with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order denying the petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.